**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| ABDUL AFIZ, a/k/a MIRON TAYLOR,<br>Register No. 350138,<br><br>Plaintiff,<br><br>v.<br><br>MATT BLUNT, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 08-4119-CV-C-SOW<br>)<br>)<br>)<br>) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Abdul Afiz, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]  Named defendants are Governor Matt Blunt and numerous personnel of the Missouri Department of Corrections.

In support of his claims for relief, plaintiff asserts he is forced to occupy a cell with another inmate (double-celling) in conditions which are "life threatening and health hazards." Plaintiff also claims he is denied an MRI.  Plaintiff further alleges he is denied the use of legal papers.  Plaintiff asks this court to send him to a federal prison because the state prison "cannot provide basic services for petitioner."

Plaintiff did not submit the required filing fee and is apparently seeking leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915.  Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Upon review, plaintiff's claims should be dismissed, pursuant to 28 U.S.C. § 1915(g). Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted and, therefore, must either pay the filing fee in full or show that he is in imminent danger of serious physical injury in order to proceed with his claims. See Afiz v. Carter, No. 04-0326 (W.D. Va. 2004); Afiz v. Federal Bureau of Prisons - Washington, D.C., No. 97-1681 (E.D. Mo. 1997); Afiz v. Federal Bureau of Prisons - USP - Leavenworth, No. 97-1661 (E.D. Mo. 1997); Afiz v. Toelke, No. 97-0053 (E.D. Mo. 1997); Afiz v. St. Louis Police Dep't, No. 93-2147 (E.D. Mo. 1993); Afiz v. Department of Corrections, No. 93-0561 (E.D. Mo. 1993).

Plaintiff's instant claims fail to allege that he faces "imminent danger of serious physical injury," thus, his claims should be dismissed, without prejudice, subject to refiling upon payment of the filing fee in full.

Based on the foregoing, plaintiff's motion for an extension of time to submit his forms for proceeding in forma pauperis is denied.

THEREFORE, IT IS ORDERED that plaintiff's motion for an extension of time to submit his in forma pauperis forms is denied. [3] It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional

circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 17th day of June, 2008, at Jefferson City, Missouri.


/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

Case 2:08-cv-04119-SOW   Document 4   Filed 06/17/08   Page 3 of 3